UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARAH A.[1],

        Plaintiff,

      v.                                23-CV-94 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff Sarah A. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 9. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 11. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on August 4, 2020.[2] Tr. 199.[3]  Plaintiff's application was initially denied, and she requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 108.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Jason Miller issued a decision finding that Plaintiff was not disabled.  Tr. 72–85.  Plaintiff's request for Appeals Council review was denied.  Tr. 1–6.  Plaintiff then commenced this action.  Dkt. 1.

## LEGAL STANDARDS

### I.      DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).  Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for DIB.  To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).  *See* 20 C.F.R. § 404.1520(a)(4).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 4 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). *See also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.") (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment, or a combination of impairments, that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ still may find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments–both severe and non-severe–that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience.  20 C.F.R. § 404.1560(c).  Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform, given his or her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c). *See also Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   THE ALJ'S DECISION

The ALJ determined that Plaintiff met the Act's insured status requirements through December 31, 2025, and that she had not engaged in substantial gainful activity since her alleged disability onset date of June 13, 2020.  Tr. 74–75.   The ALJ found that Plaintiff had the medically determinable impairments of: gastroesophageal reflux disease (GERD); irritable bowel syndrome; leukocytosis; migraine headaches; clinical obesity; depressive disorder; bipolar disorder; agoraphobia; and marijuana use disorder.  Tr. 75.  The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months and, therefore, Plaintiff did not have a severe impairment or combination of impairments.  Tr. 76.  As such, the ALJ concluded that Plaintiff had not been under a disability since her alleged onset date of June 13, 2020.  Tr. 84.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ improperly assessed her impairments as non-severe. *See* Dkt. 9–1, at 12.  Plaintiff further argues that the ALJ did not properly evaluate evidence regarding her migraine headaches. *Id.* at 24–26.  Plaintiff's argument lacks merit.

## III.   ANALYSIS

### A. The ALJ Followed the Step-Two Process

At step two of the disability analysis, the ALJ determines whether the plaintiff has an impairment, or combination of impairments, that is "severe" within the meaning of the regulations, in that it "significantly limits" plaintiff's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  "[B]asic work activities" are "the abilities and aptitudes necessary to do most jobs," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* §§ 404.1522(b)(1)–(6), 416.922(b)(1)–(6).  To be severe, the impairment must satisfy a durational requirement. *See id.* §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).

Step two's severity requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995).  Despite this lenient standard, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment[,] is not, by itself, sufficient to render a condition severe." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)).  Rather, "to be considered severe, an impairment

or combination of impairments must cause more than minimal limitations in [a claimant's] ability to perform work-related functions." *Hastrich v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 388, 397 (W.D.N.Y. 2019), *appeal dismissed* (July 18, 2019) (citation omitted).

A claim "may be denied at step two only if the evidence shows that the individual's impairments do not have more than a minimal effect on the person's physical or mental abilities to perform basic work activities." *Schafenberg v. Saul*, 858 F. App'x 455, 456 (2d Cir. 2021). But "[i]f such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Schafenberg*, 858 F. App'x at 456.

Plaintiff bears the burden of presenting evidence establishing severity. *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor*, 32 F. Supp. 3d at 265). *See also* 20 C.F.R. §§ 404.1512(a), 416.912(a). Her "burden at step two is not heavy." *Marcus L. v. Comm'r of Soc. Sec.*, No. 20-CV-0167, 2021 WL 4204981, at *3 (W.D.N.Y. Sept. 16, 2021).

An ALJ's decision at step two must be "supported by 'substantial evidence' in the record as a whole." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991, 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018) ("[a] step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe"), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019). Here, Plaintiff argues that the ALJ committed a harmful error at

7

step two because he did not proceed through the rest of the sequential evaluation. Dkt. 9–1, at 12.  This is not so.  Because the ALJ considered Plaintiff's testimony and the objective medical evidence regarding the severity of Plaintiff's physical and mental impairments, his step-two determination is supported by substantial evidence and is otherwise proper.

At step two, the ALJ determined that Plaintiff had the medically determinable impairments of GERD, irritable bowel syndrome, leukocytosis, migraine headaches, clinical obesity, depressive disorder, bipolar disorder, agoraphobia, and marijuana use disorder.  Tr. 75.  The ALJ concluded that these impairments were non-severe because they did not significantly limit Plaintiff's ability to do basic work activities.  Tr. 84.  In making this determination, the ALJ relied on Plaintiff's testimony, her statements to providers, her daily activities, and objective medical evidence in the record.  Tr. 77–84.

Plaintiff also argues that the ALJ improperly evaluated the opinions of Dr. Yatsynovich and Dr. Ippolito because he "inappropriately relied on normal mental status examinations, made speculative inferences regarding the stability of Plaintiff's condition, and improperly focused on Plaintiff's activities of daily living." Dkt. 9–1, at 15.

Between July and November 2020, Plaintiff reported to Dr. Yatsynovich feeling stable, doing well on medication, and was not experiencing depressive symptoms.  *See* Tr. 80, 364, 368.  The ALJ noted that Plaintiff's psychiatric progress notes from Dr. Yatsynovich were within normal limits.  *See* Tr. 81, 364.  He also

noted that Dr. Yatsynovich completed two "Medical Examination for Employability Assessment" forms, the first of which described only moderate limitations of function, and a second that described very limited areas of functioning. *See* Tr. 83, 543, 549. But contemporaneous progress notes from the same provider dated around the time the forms were completed were inconsistent with the forms and did not support the limitations prescribed. Tr. 83. As a result, the ALJ found Dr. Yatsynovich's opinion not persuasive.

As to Dr. Ippolito's opinion, the ALJ noted that evidence from Plaintiff's own psychiatric treatment providers do not describe the same level of symptoms or limitations as Dr. Ippolito. Tr. 80. The ALJ noted that no other provider shared Dr. Ippolito's assessment. Tr. 83. For those reasons, the ALJ found Dr. Ippolito's opinion not persuasive.

The ALJ also considered the opinions of Dr. Schwab, Dr. Stouter, Dr. Sinha, Dr. Lieber-Diaz, and Dr. Chapman. *Id.* The ALJ found the opinions of Dr. Schwab, Dr. Stouter, and Dr. Sinha persuasive because they are consistent with one another and supported "by the generally negative or absent clinical examination findings with regard to physical impairments." *Id.* Additionally, the ALJ found Dr. Lieber-Diaz's and Dr. Chapman's opinions persuasive because each doctor had the ability to "review all of the evidence then on file" and because each doctor "noted normal mental status examination findings and stability on medication." Tr. 84.

The ALJ permissibly credited opinion evidence from Dr. Chapman and Dr. Lieber-Diaz over that from Dr. Ippolito and Dr. Yatsynovich. The regulations direct

9

the ALJ to consider objective medical evidence, *i.e.*, mental status findings, in assessing the persuasiveness of opinions.  20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be."); (c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").

Nor did the ALJ err by relying on medical findings from Dr. Chapman and Dr. Lieber-Diaz, even though those providers did not examine Plaintiff.  The revised regulations permit an ALJ to rely on evidence from non-examining sources over examining sources when assessing a claimant's mental functioning.  *See Valdes-Ocasio v. Kijakazi*, No. 21-3152, 2023 WL 3573761, at *2 (2d Cir. May 22, 2023) (rejecting the argument that "the ALJ erred by 'rely[ing] on the opinion of the non-examining state agency psychologist [Dr. Harding] over the opinion of Dr. Slowik who actually examined [her].'").  As discussed above, the ALJ properly found Dr. Ippolito's and Dr. Yatsynovich's opinions unpersuasive because they were inconsistent with objective medical evidence in the record.

A plaintiff is not entitled to reweigh the evidence in her favor.  *See Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not

supported by substantial evidence as a legal argument in order to garner a more favorable standard of review."). *See also Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.") (summary order).

Plaintiff further argues that the opinions of Dr. Ippolito and Dr. Yatsynovich support the finding that her mental impairments were severe. Dkt. 9-1, at 23. The ALJ found the opinions of Dr. Ippolito and Dr. Yatsynovich not persuasive due to a lack of consistency between their findings and those of other doctors who evaluated Plaintiff. Tr. 83–84. An ALJ may consider the overall record and "choose between properly submitted medical opinions." *Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (quoting *Gober v. Matthews*, 574 F.2d 772, 777 (3d Cir. 1978)). And the substantial evidence standard requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

Plaintiff's argument that the ALJ erred in considering her reports of stability during treatment lacks merit. *See* Dkt. 9-1, at 16–18. While Plaintiff supports this assertion by pointing to evidence of her heightened complaints from June and July 2020, there is ample evidence supporting the ALJ's conclusion that Plaintiff's medical history points to stability. The ALJ noted that, in August and November 2020, Plaintiff described feeling stable and was not experiencing feelings of anxiety or depression. *See* Tr. 80, 365–366. The ALJ also mentioned Plaintiff's self-report of "stability of mental health on May 5, 2021." *See* Tr. 79, 579. If an evidentiary

conflict exists within the record, the ALJ is entitled to resolve this inconsistency against Plaintiff. *See Paul G. v. Comm'r of Soc. Sec.*, No. 21-CV-9-FPG, 2023 WL 2634122, at *6 (W.D.N.Y. Mar. 24, 2023) ("Rather, there was a factual conflict in the record–the severity and frequency of Plaintiff's mental-health episodes–and the Court reads the decision to have resolved that conflict against Plaintiff, as the ALJ was entitled to do."). Lastly, Plaintiff's argument citing evidentiary support for her position does not entitle her to relief. *See Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (an ALJ's findings "must be given conclusive effect" where reasonably supported by the record, even if "the administrative record may also adequately support contrary findings on particular issues").

The ALJ properly evaluated Plaintiff's daily activities and her ability to care for her children. The ALJ must employ a two-step analysis to evaluate a plaintiff's reported symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* §§ 404.1529(a), 416.929(a). If the medical evidence establishes the existence of such impairments, the ALJ then must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit a plaintiff's ability to work. *See id.*

At the second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage,

effectiveness, and side effects of any medication plaintiff takes or has taken to relive her pain or other symptoms; (5) other treatment a plaintiff receives or has received to relieve her pain or other symptoms; (6) any measures that a plaintiff takes or has taken to relieve her pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii), 416.929(c)(3)(i)–(vii).  The revised regulations also allow the ALJ to look to "evidence from other medical sources and nonmedical sources" when assessing the consistency factor of the opinion evidence.  20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ properly considered Plaintiff's ability to engage in daily activities in support of his conclusion that Plaintiff's impairments were not severe. *See McGonagle v. Kijakazi*, No. 22-637, 2022 WL 17724696, at *2 (2d Cir. Dec. 16, 2022) (evidence showing the claimant could, among other things, cook, drive, play video games, attend appointments, get along with others, and spend time with friends and family supported a finding that the claimant's mental health impairments did not meet any severity of any listing).  The ALJ mentioned Plaintiff's ability to cook, clean, do laundry, shop, perform childcare daily, manage funds, drive, and interact with friends.  *See* Tr. 80, 389, 392.

Morever, the ALJ described the frequency and intensity of Plaintiff's complaints as "problematic," and that "a review of the record as a whole shows inconsistency." Tr. 82.  The ALJ additionally noted that Plaintiff's "course of treatment has been, in spite of her complaints, generally routine and conservative."

13

*Id.* In concluding his analysis, the ALJ stated Plaintiff's "activities of daily living are a significant factor which makes it difficult for me to conclude that her subjective allegations are consistent with or supported by the record as a whole." *Id.*

Nor did the ALJ err in determining that Plaintiff's migraine headaches were non-severe. Dkt. 9–1, at 24. In assessing Plaintiff's migraine headaches, the ALJ first discussed her testimony that she takes "Imitrex six or seven times a month for headaches, which helps the majority of the time but will cause side effects." *See* Tr. 27, 77. The ALJ noted that, in October 2020, Plaintiff described worsening headaches, but "her imaging was reviewed as normal, and she was referred to physical therapy and described as having tension headaches." *See* Tr. 78, 438. Additionally, in November 2020, Plaintiff's neurologist noted normal findings regarding cranial nerves, 5/5 muscle strength, normal gait, intact sensory, and symmetric reflexes. *See* Tr. 78–79, 477. The ALJ found persuasive the medical findings from Dr. Sinha and Dr. Stouter, who both concluded Plaintiff's headaches were not severe. Tr. 83. Based on this and other evidence in the record, the ALJ concluded that Plaintiff's complaints were not consistent with the record as a whole. Tr. 82. Therefore, the ALJ's decision that Plaintiff's headaches were not severe is supported by the overall record, including Plaintiff's normal examination findings, testing, conservative treatment history, daily activities, and opinion evidence of record. Tr. 77–83.

The Court cannot set aside the Commissioner's disability determination unless the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  The substantial evidence standard "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.,* 683 F.3d 443, 448 (2d Cir. 2012). Indeed, an ALJ's "step two determination is entitled to deference if it is free from error and supported by substantial evidence." *Ruth H-Z. v. Comm'r of Soc. Sec.,* No. 1:20-CV-1859, 2022 WL 2586533, at *7 (W.D.N.Y. Jul. 8, 2022).

## CONCLUSION

For all of these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 11–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 9–1).  The Clerk of the Court will close this case.

SO ORDERED.


Dated:     December 28, 2023
           Buffalo, New York


                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE